```
               IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF KANSAS


RICHARD ALBERTO SOSA,

               Plaintiff,
                                          CIVIL ACTION
     vs.                                  No. 11-3177-SAC

JONNIE GODDARD, et al.,


               Defendants.
```

MEMORANDUM AND ORDER

This matter is before the court on a civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff, a prisoner in state custody, proceeds pro se and seeks leave to proceed in forma pauperis.

Pursuant to 28 U.S.C. § 1915(b)(1), the court must assess as an initial partial filing fee twenty percent of the greater of the average monthly deposits or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of a civil action.

Having examined the records submitted by the plaintiff, the court finds the average monthly deposit to his account is $86.72, and the average monthly balance is $44.25. The court therefore assesses an initial partial filing fee of $17.00,

twenty percent of the average monthly deposit, rounded to the lower half dollar.[1]

Because plaintiff is a prisoner, the court is required to conduct a preliminary screening of the complaint and to dismiss any part of it that is frivolous, fails to state a claim for relief, or to seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(a)-(b).

Here, plaintiff complains he is detained in a medium security facility pursuant to a non-existent detainer.  He believes this is a result of racial discrimination, and he argues this classification is cruel and unusual punishment.

However, he attaches correspondence from the warden dated August 23, 2011, that contains the following explanation of his housing status:

> ...Your initial classification at RDU was conducted on April 18, 2011.  You were made low medium due to a possible ICE detainer.  Custody reviews are conducted every 120 days.
>
> At the Hutchinson Correctional Facility, your review was conducted by CCI Jenson on August 8, 2011.  He recommended minimum custody *because there will be no detainer filed against you by ICE*.  *Your minimum custody was approved on August 19, 2011*....
>
> [...]

---

[1] Plaintiff will be required to pay the balance of the $350.00 filing fee in installments calculated pursuant to 28 U.S.C. § 1915(b)(2).

> At this time the Hutchinson Correctional Facility has a waiting list of 78 inmates for a minimum custody bed and you have been added to that list. *You will be moved when space becomes available.* (Doc. 1, unnumbered attachment, correspondence from Warden Cline re: Minimum Custody dated August 23, 2011.)(Emphasis added.)

It is settled law that a prisoner has no constitutional right to any particular classification or housing placement. *See Hewitt v. Helms,* 459 U.S. 460, 468 (1983). Rather, a prisoner's classification implicates a protected interest only if it imposes an "atypical or significant hardship on the inmate in relation to the ordinary incidents of prison life," *Sandin v. Conner,* 515 U.S. 472, 484 (1995). Plaintiff has not identified any significant hardship; rather, he has expressed a preference for a housing assignment in a lower custody setting. This is not sufficient to state a claim for relief under § 1983.

Because plaintiff has not stated a viable claim for relief, the court is considering the summary dismissal of this matter. Not only does plaintiff have no constitutionally protected right to a specific classification level, the commendably thorough explanation provided by the warden appears to completely refute his factual allegations, as it advises the plaintiff that he is not threatened with an ICE detainer and explains that he is on a waiting list for minimum custody.

IT IS, THEREFORE, BY THE COURT ORDERED that on or before December 29, 2011, plaintiff shall submit an initial partial filing fee of $17.00. Any objection to this order must be filed on or before the date payment is due. The failure to file a timely response may result in the dismissal of this action without prejudice and without additional prior notice to the plaintiff.

IT IS FURTHER ORDERED that plaintiff shall show cause on or before December 29, 2011, why this matter should not be summarily dismissed for failure to state a claim for relief.

A copy of this order shall be transmitted to the plaintiff.

**IT IS SO ORDERED.**

DATED: This 29th day of November, 2011, at Topeka, Kansas.

S/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge